## SMITH v. STAMFORD GIN CO. et al.
### No. 1299.

Court of Civil Appeals of Texas. Eastland.
July 13, 1934.

Rehearing Denied Sept. 21, 1934.

Smith & Smith, of Anson, for plaintiff in error.

C. K. Bullard, of Dallas, and E. V. Hardwick, of Stamford, for defendants in error.

HICKMAN, Chief Justice.

Plaintiff in error, A. J. Smith, Jr., sued Parfirio Garcia, Esteban Garcia, Emilio Gonzales Dias, and Francisco Aaltares upon a promissory note and for the foreclosure of a chattel mortgage lien executed by the first two named defendants. J. W. Osment, Stamford Gin Company, and Texas Cotton Co-operative Association were joined as parties defendant, and judgment sought against them for conversion of the mortgaged property. At the conclusion of the testimony, the court peremptorily instructed the jury to find in favor of the plaintiff on the note, as against the makers thereof, and in favor of Osment, Stamford Gin Company, and Texas Cotton Co-operative Association on plaintiff's claim of damages for conversion. A verdict was returned in accordance with the instruction, and, from a judgment rendered thereon, the plaintiff has perfected a writ of error to this court.

The property covered by the mortgage executed by Parfirio Garcia and Esteban Garcia was described as follows: "All right, title and interest in and to our cotton crop near Tuxedo and Sunset near Stamford on the Walter Osment farm, and are farming 100 or more acres, all in cotton." It is not questioned that the evidence was sufficient to present the issue that Osment, Stamford Gin Company, and Texas Cotton Co-operative Association converted a portion of this property, if the plaintiff, in fact, had any lien thereon. The action of the trial court in peremptorily instructing in favor of the defendants on the issue of conversion is sought to be upheld on the theory that the mortgagors, who were share croppers, owned no interest in the crop covered by the mortgage, but that they were servants of Osment, the owner of the land; their compensation being measured by one-half of the net proceeds derived from the sale of the crops. The only question for us to determine is whether or not an issue of fact was presented as to the relationship of the landowner, Osment, and the Garcias. It is elementary that in determining this question we must consider the evidence in the light most favorable to the plaintiff in error.

The peremptory instruction was given upon the testimony of Osment. He testified to facts which would constitute the relationship between him and the Garcias as one of master and servants, but there is to be found in this record evidence which, if believed, would make of the parties joint owners of the crops produced. Parfirio Garcia, in his deposition, testified that he was cultivating about 75 acres of cotton on the J. W. Osment farm on the halves, and was to receive one-half of all cotton to be raised on that 75 acres for his services. That is clearly some evidence that Garcia and Osment were joint owners of the cotton. The plaintiff in error testified that before he took the mortgage on the cotton he spoke to Osment about it, informing him that he intended to take a mortgage "on the Mexicans' portion of the crop," and that he was informed by Osment that it was "entirely up to the Mexicans and myself." The same witness further testified that Osment informed him that he was interested only in his portion of the crop, and that whatever the witness and the Mexicans did was their own transaction. This testimony clearly presents an issue of fact as to whether the mortgagors owned an interest in the crop as such, and the court erred in peremptorily instructing the jury to return a verdict in favor of the defendants charged with conversion.

Osment, under his arrangement with the Garcias, was to furnish the land, seed, teams, tools, etc., and the Garcias were to furnish the labor. Whether the agreement was such as to constitute the relationship between them as that of master and servants, or as tenants in common, will be determinative on the question of whether the Garcias had a right to execute the mortgage. On a re-trial the facts should be fully developed disclosing this relationship, and if it should be determined that the Garcias had an interest in the crops as such, then unquestionably they had the right to execute the mortgage. On the other hand, if they were merely servants of Osment and their wages were measured by one-half of the net proceeds derived from the sale of the crops, they had no interest therein to support the mortgage. The authorities

are cited in 13 Tex. Jur. pp. 34, 35, §§ 31, 32, and in 27 Tex. Jur. pp. 387–391, §§ 233 to 235.

By a cross-assignment the defendants in error complain of the action of the trial court in admitting the mortgage in evidence over their objection that there was a variance between the allegations and proof as to the mortgage. This cross-assignment is sustained. The mortgage introduced does not correspond with the allegations, and before another trial an amended petition should be filed correctly describing same.

That portion of the judgment awarding recovery on the promissory note will not be disturbed, but in all other respects same will be reversed and remanded. Undisturbed in part, and in part reversed and remanded.